DECISION
Defendant-appellant, Thermal Seal, Inc., appeals from a judgment of the Franklin County Municipal Court in favor of plaintiff-appellee, Jeni Reida. Plaintiff cross-appeals, contesting the trial court's failure to award prejudgment interest. Because the judgment of the trial court is not a final appealable order, we are compelled to dismiss the appeal and cross appeal.
On July 28, 1999, plaintiff filed a complaint in the Franklin County Municipal Court. Plaintiff alleged Thermal Seal breached its employment contract with her by failing (1) to pay for maternity leave, (2) to increase her salary as agreed upon, (3) to provide vacation pay as promised, (4) to compensate her for two days of work, and (5) to allow withdrawal or transfer of her funds from Thermal Seal's 401K retirement plan.
On February 23, 2000, the matter was tried to the court. The trial court issued judgment for plaintiff in the amount of $9,870.48 plus interest at a rate of ten percent per annum and costs of the action, finding plaintiff presented the more credible evidence.
Pursuant to the prayer for relief in her complaint requesting "interest as allowed by law," plaintiff on March 2, 2001, moved for an award of prejudgment interest, noting the trial court's "Decision and Judgment Entry" had failed to address the issue. Plaintiff sought prejudgment interest at a rate of ten percent per annum to be calculated from April 8, 1999, plaintiff's final day of employment at Thermal Seal. The record contains no ruling of the trial court on plaintiff's motion for prejudgment interest.
Thermal Seal appeals, assigning the following error:
 THE TRIAL COURT ERRED IN REACHING ITS DECISION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Plaintiff cross-appeals, assigning one error:
 The Trial Court Erred In Not Awarding Prejudgment Interest To The Plaintiff[.]
Before addressing the merits of the assigned errors, we first must determine whether we are presented with a final appealable order within the court's jurisdiction.
"Generally speaking, judgments that determine liability, but defer the issue of damages for later determination, are not final appealable orders * * * because damages are part of a claim for relief[.]" McKee v. Inabnitt (Sept. 26, 2001), Adams App. No. 01CA711, unreported. "An unresolved motion for prejudgment interest is part of the entire claim for relief." Id. Here, plaintiff sought prejudgment interest in her complaint, but the trial court did not address it in rendering judgment for plaintiff following trial. Although plaintiff filed a motion requesting the trial court's resolution of the matter, the case was appealed before the trial court ruled on plaintiff's request.
Because the issue of prejudgment interest has not been determined, the judgment entry does not present a final appealable order. McKee, supra; Driscoll v. Norprop, Inc. (Apr. 3, 1997), Cuyahoga App. No. 70891, unreported; Timmotors, Inc. v. Lima Ford, Inc. (Aug. 16, 2001), Allen App. No. 1-2000-11, unreported. In the absence of a final appealable order, this court lacks jurisdiction to review the assigned errors. Accordingly, the appeal and cross-appeal are dismissed.
Appeal dismissed.
BROWN and DESHLER, JJ., concur.